THE STATE *Ex.* *Rel.* ROBERT H. ADAMS *vs.* J. S. FILLEBROWN, TRIAL JUSTICE.

The Act of March 1, 1870, giving to Trial Justices jurisdiction to "punish by fine, not exceeding $100, or imprisonment in the jail or house of correction, not exceeding thirty days, all assaults and batteries" not of a high and aggravated nature, is not unconstitutional.

The Court of a Justice of the Peace is an inferior Court in the technical sense of the term.

The term "inferior Courts," in Sec. 1, Art. IV, of the Constitution, is used therein in its technical sense, as signifying a Court of special and limited powers, whose jurisdiction must appear on the face of the proceedings, or its judgment will be void.

Under Sec. 1, Art. IV, of the Constitution, the General Assembly may confer upon an inferior Court created by itself the same powers which, by the Constitution, is intended for Justices of the Peace.

BEFORE RUTLAND, J., AT CHAMBERS, OCTOBER, 1870.

Appeal from an order directing a writ of prohibition to issue from the Court of Common Pleas for Darlington County.

The facts were these: Robert H. Adams, the relator, was tried and convicted by J. S. Fillebrown, a Trial Justice for Darlington County, of an assault and battery, committed in that County, upon one Samuel Abraham, and sentenced to imprisonment in the jail of the County for fifteen days, and to pay a fine of fifteen dollars. He applied to the Circuit Judge of the County for a writ of prohibition to restrain the execution of the sentence, on the ground that the Act of March 1, 1870, defining the criminal jurisdiction of Trial Justices, is unconstitutional, null and void. A rule to shew cause was issued, and on the return thereof an order was made directing a writ of prohibition to issue.

The respondent, the Trial Justice, appealed.

*Chamberlain*, Attorney General, for appellant, cited Bac. Abr., Tit. Courts, (D); *Kempe's Lessee* vs. *Kennedy*, 5 Cr., 184–5; *Skillern* vs. *May*, 6 Cr., 267; *McCormick* vs. *Sullevant*, 10 Wheat., 192; Cooley on Cons. Lim., 35; and commented on Section 19, Art. I, and Sections 1 and 22 of Art. IV of the State Constitution.

*Spain*, contra, filed no brief.

May 29, 1871. The opinion of the Court was delivered by

MOSES, C. J. The single point raised upon the record in this case is as to the jurisdiction of a Trial Justice to prosecute for the

offence of assault and battery, and the judgment of the Court will be confined to it.

The appointment of Trial Justices is provided for by the Act of February 28th, 1870, 14 Stat. at Large, 376. The mode of appointment, their number, term of office, and condition on which it shall terminate, are all prescribed by the said Act. Their criminal juris-.diction is defined by the Act of March 1, 1870, same Vol., 402, and is to be exercised " within their respective Counties."

The second Section confers upon them "jurisdiction of all offenses which may be subject to the penalties of either fine or forfeiture, not exceeding one hundred dollars, or imprisonment in the jail, or work house, not exceeding thirty days, and they may impose any sentence within those limits either singly or in the alternative."

The third Section is in the following words : " They may punish by fine not exceeding one hundred dollars, or imprisonment in the jail, or house of correction, not exceeding thirty days, all assaults and batteries, and other breaches of the peace, when the offense is not of a high and aggravated nature, requiring, in their judgment, greater punishment." It can, therefore, admit of no doubt that the Legislature has authorized the exercise of the power assumed by the said Trial Justice, Fillebrown, as set out in the suggestion.

This is in no way contradicted by the relator, but he contends that the Act so conferring the power is void, because in repugnance to the Constitution of the State. His proposition is, that as the Constitution, by the first, twenty-first and twenty-second Sections of the fourth Article, in express words, names and includes Justices of the Peace among those in whom the judicial power of the State shall be vested, and as the election of the said Justices, for each County, is required to be made by the qualified voters, in such manner as the General Assembly may direct, and as the performance of the same duties are enjoined upon them as are given to the Trial Justices by the said Act, the Legislature is without power to create a new office for the execution of the same duties, to be appointed in an entirely different mode, and that the Act, therefore, is unconstitutional and void.

If it can be made to appear, from the several parts of the Constitution in regard to the office of Justice of the Peace, all to be construed together as a whole, that his jurisdiction as a County officer, in prosecutions for assault and battery, is exclusive, then the relator is right. The Convention which framed it were at liberty to suggest to the people who were to pass upon it their scheme for

the establishment of the Judiciary Department, both as regarded the Courts which were to be organized and the Judges who were to preside over them.

It is necessary, therefore, to inquire and ascertain if the jurisdiction which it was proposed to confer on Justices of the Peace was to be exclusive.

Section 19 of Article I provides "that all offenses less than felony, and in which the punishment does not exceed a fine of one hundred dollars, or imprisonment for thirty days, shall be tried summarily by a Justice of the Peace, or other officer authorized by law, on information or presentment of a grand jury, saving to the defendant the right of appeal."

This Section (which includes the offense of assault and battery, because it is "less than felony,") does not restrict the jurisdiction contemplated by it to Justices of the Peace. On the contrary, it extends it to " other officer authorized by law ;" and if there can be found in the Constitution any power on the part of the General Assembly to confer a like authority on some other officer, then it was not intended to be exclusively in Justices of the Peace.

If no portion of the judicial power of the State can vest in any officer except such as may be expressly named in the Constitution, then the hands of the Legislature are tied by that instrument, and they can make no further distribution of the judicial power of the State.

The 1st Section of 4th Article of the Constitution vests " the judicial power of the State in a Supreme Court, two Circuit Courts, to wit, a Court of Common Pleas, having civil jurisdiction, and a Court of General Sessions, with criminal jurisdiction only, in Probate Courts, and in Justices of the Peace. The General Assembly may also establish such municipal and other inferior Courts as may be deemed necessary." If the Section had closed with the words, " Justice of the Peace," yet, as the 19th Section of 1st Article had declared " that all offences less than felony, and in which the punishment does not exceed a fine of one hundred dollars, or imprisonment for thirty days, shall be tried summarily by a " Justice. of the Peace," and as the same jurisdiction, by the very Section, was also to be extended to some other officer authorized by law, there was a reservation to the General Assembly to declare who should be the officer thus authorized.

With an apparent design to leave their intention without doubt they employ, in the said 1st Section of 4th Article, words which

put their purpose beyond dispute. A Court in which a Justice of the Peace presides is an inferior one, and the jurisdiction accorded to it by the Constitution is not exclusive, because the General Assembly may establish "such other inferior Courts as may be deemed necessary," and the right to do so being permitted by the Constitution, such other Court is as much a Court established by the Constitution as is that of a Justice of the Peace.

If the signification which attaches, in common parlance, to the word "inferior," is to be considered as intended by its use in the Constitution, then every Court, save that of the last resort, would be included under the term, because it is subject to control and direction by another; but that is not the sense in which the word is employed in the Constitution. We do not concur with the learned Attorney General in his conception of what is said by Chief Justice Marshall, in *Kempe's Lessee* vs. *Kennedy*, 5 Cranch, 184-5. Technically, "an inferior Court is one of limited jurisdiction, and it must appear, on the face of its proceedings, that it has jurisdiction, or its proceedings will be void." It is in that sense, according to our understanding, that the learned Chief Justice accepted the definition. He says, "the law respecting the proceedings of inferior Courts, according to the sense of that term, as employed in the English books, has been correctly laid down. The only question is, was the Court in which this judgment was rendered an inferior Court, in that sense of the term."

"All Courts from which an appeal lies are inferior Courts, in relation to the appellate Court, before which their judgment may be carried, but they are not, therefore, inferior Courts, in the technical sense of those words. They apply to Courts of a special and limited jurisdiction, which are erected on such principles that their judgments, taken alone, are entirely disregarded, and the proceedings must show their jurisdiction."

We think, therefore, that the term "inferior Court," as used in the Constitution, is to be accepted as referring to the technical language usually employed to designate it, and not to be understood as importing that it is inferior only because its judgments may be corrected by an appellate tribunal.

It does not, however, follow that such "other inferior Courts" are to be of a more limited jurisdiction than the Court of the Justice of the Peace. It is by the authority of the Constitution that they are to be established, and if, by the same Section, it had already provided for a Court, which is already recognized as an infe-

rior one, it clearly shows an intention not to limit such Courts to the one expressly named, but to leave it to the discretion of the Legislature to multiply them, if, in its judgment, necessary.

The 19th Section of 1st Article of the Constitution confers on a Justice of the Peace, or other officer authorized by law, jurisdiction in all offenses less than felony, and in which the punishment does not exceed a fine of one hundred dollars, or imprisonment for thirty days. The 22d Section of the 4th Article would appear to limit the jurisdiction of a Justice of the Peace, in prosecutions for assault and battery, to such as would be punishable by fine only. The two Sections must be construed by regarding them as a whole, or otherwise the plain intent of the Legislature would be defeated in giving to a Justice of the Peace any jurisdiction over the offense named. The punishment at common law for assault and battery is not confined to a fine; therefore if the jurisdiction of that officer is to be held fixed by the 22d Section of 4th Article, irrespective of the 19th Section of 1st Article, the power conferred, in this particular, by the 4th Article, would be inoperative. The jurisdiction, under the 1st Article of the Constitution, cannot be affected by the apparent limitation in the 4th, otherwise a Court not named in the Constitution, and only to have existence by the will of the General Assembly, and, when established, to be but a like inferior one, would have a larger jurisdiction in this class of offenses than a Court specifically designated among those in whom, in part, the jujudicial power of the State is to be vested.

In *Townsend* vs. *McIver*, (ante, p. 1,) referred to in the argument of the counsel for the appellee, the exercise of jurisdiction in *mandamus* by the Court of General Sessions was claimed, although the Constitution conferred it on the Court of Common Pleas, on the ground that a concurrent right still remained. The Court rested its refusal on the fact that the Constitution took from the Sessions jurisdiction in all criminal cases, whenever it gave it to another Court, and therefore the former jurisdiction of the Court of Sessions was gone. Here, however, so far from there being words which even imply an exclusive jurisdiction in Justices of the Peace, there is an express grant of it also to other officers, which makes the power concurrent.

The argument virtually ignores the words of the first Section of the fourth Article of the Constitution, "other inferior Courts," unless they are to create a jurisdiction of less extent than that conferred on "Justices of the Peace." There is no warrant in the

language to sustain such a conclusion. No matter what inferior Courts are established by the Constitution, and it makes no difference, in this aspect, whether "other" is to refer to the Court of a Justice of the Peace, or to "municipal Courts," power is given to the General Assembly to establish inferior Courts to any extent they may deem necessary.

The decision of the question made cannot be influenced by the fact that the Legislature has, so far, failed to provide for the election of Justices of the Peace. That is a matter with which this Court cannot interfere. Their want of action in this particular may be induced by sound and proper reasons. Our judgment must conform to our views of the law, and without regard to any supposed failure of duty on their part.

The order granting the motion has already been entered.

*Willard*, A. J., and *Wright*, A. J., concurred.